IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DIANE A. TURNER, individually
and as the representative of a
class of similarly situated persons,

Plaintiff,

v.

ITI INTERNET SERVICES, INC.
d/b/a ITI BANK, THE BANCORP BANK,
and MOONLIGHT MARKETING, INC.

Defendants.                                              No.  05-CV-325-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. Introduction and Background

Pending before the Court is Turner's motion to remand (Doc. 5). Specifically, Turner argues that the Court lacks subject matter jurisdiction over her claims and that removal was procedurally improper.  Bancorp opposes the motion (Doc. 8).  The Court finds that removal was improper because the Court lacks subject matter jurisdiction.  Therefore, the Court grants the motion to remand and remands this case to the Madison County, Illinois Circuit Court.

On February 15, 2005, Diane Turner, individually and a the representative of a class of similarly situated persons, brought this class action against ITI Internet Services, Inc ("ITI"), The Bancorp Bank ("Bancorp") and Moonlight Marketing, Inc ("Moonlight") in the Circuit Court of Madison County,

Illinois (Doc. 2). The complaint alleges that Moonlight had "crammed charges on consumer checking accounts," namely by using forged checks to draw on her checking account. The check was then deposited into ITI, and was processed by Bancorp. Further, the complaint alleges common law fraud in regard to Moonlight and ITI and further alleged conspiracy to commit fraud against ITI and Bancorp.

On May 5, 2005, Bancorp removed the case to this Court (Doc. 1). Bancorp removed the case based solely on "federal question" jurisdiction, **28 U.S.C. § § 1331, 1441(b) & (c)**. In particular, Bancorp claims that the allegations in plaintiff's complaint arise under federal law: **15 U.S.C.A. § 1693q**, the Electronic Funds Transfer Act. The Notice of Removal additionally states that, upon "belief and knowledge," all other defendants have consented to this removal.

On May 9, 2005, Turner filed a motion to remand the case to Madison County, Illinois (Doc. 5). Turner argues that this Court does not have subject matter jurisdiction over her cause of action. Turner also argues that the removal is procedurally improper because not all the defendants consented to the removal. On June 6, 2005, Bancorp filed its opposition to the remand motion (Doc. 8). Thereafter, on June 2, 2005, Turner filed a Motion for Sanctions Pursuant to Rule 11. (Doc. 13).

Turner contends that Bancorp made a "knowingly false pleading" to this Court in its Notice of Removal. The pleading in question, later withdrawn by Bancorp, stated that all defendants had consented to removal. Based on the pleadings, case law and the

following, the Court grants Turner's motion to remand and denies Turner's motion for sanctions under Rule 11.

## II. <u>Analysis</u>[1]

The well-pleaded complaint doctrine states that federal question jurisdiction is present where the face of the complaint alleges a violation of federal law. ***Caterpillar Inc . v. Williams***, **482 U.S. 386, 392 (1987)**. This rule is designed to make the plaintiff the "master of the claim," that is, he or she can avoid federal jurisdiction by solely relying upon state law. ***Id.***

No federal defense may serve as a basis for removal, including the federal defense of preemption. ***Id.*** The fact that a defendant may ultimately prove that a state law is preempted does not establish that the action is removable. ***Id.*** Nonetheless, "field preemption" is a proper basis for removal. ***Id.*** That is, where federal law occupies the field or area of law, every claim must be regarded as a federal claim. ***Lehmann v. Brown*, 230 F.3d 916, 919 (7th Cir. 2000)**. This corollary applies even where the face of the complaint does not itself mention federal law. ***Id.*** The United States Supreme Court has stated that some federal statutes are so powerful as to transform the state common law complaint into a federal claim. ***See Metropolitan Life Insurance Co. v. Taylor***, **481 U.S. 58, 63 (1987)**.

---

[1] Bancorp did not base its removal on diversity jurisdiction, **28 U.S.C. § 1332**, and the pleadings do not demonstrate such a basis. Assuming that the parties are of diverse citizenship, the amount in controversy requirement has not been met. At least one named plaintiff to an action must satisfy the amount in controversy requirement. ***Exxon Mobil Corp. v. Allapattah Services, Inc.* 125 S.Ct. 2611 (2005)**. Here, the alleged fraudulent check of the named plaintiff is only worth $199.00, nowhere near the required $75,000 jurisdictional amount.

In ***Metropolitan***, the United States Supreme Court found that the plaintiffs' state-law claim, which was completely preempted by ERISA and fell squarely under its scope, was converted to a federal claim for purposes of federal question jurisdiction. ***Id.*** The Court emphasized that ERISA has "unique preemptive force." ***Id.*** It further examined the legislative history of the statute. ***Id.*** In particular, the language of ERISA's enforcement provisions, which explicitly state that any action for benefits will be regarded as "arising under the laws of the United States," manifest an intent to preempt state law in the area. ***Id.*** In contrast, in Caterpillar, the Supreme Court refused to find complete or "field" preemption. **482 U.S. 394-95.** Instead, the plaintiffs were free to bring their claim under either state or federal law; and the defendants were free to argue preemption in state court. ***Id.*** (**emphasis added**).

Here, Bancorp claims that this case arose under federal law, specifically, the Electronic Funds Transfer Act ("the Act"). Bancorp claims that the Act preempts the state action for fraud and conspiracy to commit fraud. However, unlike ERISA, the Act does not manifest an intention to preempt all state law regarding fraudulent electronic transactions. Rather, the Act specifically states that it "does not annul, alter or affect the laws of any State relating to electronic funds transfers, except to the extent that those laws are inconsistent with the provisions of this subchapter, and then only to the extent of the inconsistency." **15 U.S.C.A. 1693q**. It is plain that the intent of the legislature was to leave intact existing state laws, provided such laws do not conflict with a specific provision of the Act. Therefore, "field preemption" is not

applicable here.

Bancorp points to no provision of the Act, nor has the Court found any, that purports to alter or specifically conflicts with, this state's law against fraud. As in **Caterpillar**, Turner was free to bring suit under either state or federal law. Preemption as a federal defense does not entitle Bancorp to remove the case to federal court, and whether or not there is a state law in conflict with the Act is a matter to be decided by the state court. Because the Court finds that removal was improper and that it lacks subject matter jurisdiction over Plaintiff's claims, the Court grants Turner's motion to remand.[2]

### III. Conclusion

Because this Court finds that removal was improper and that the Court lacks subject matter jurisdiction over Turner's claims, the Court **GRANTS** Turner's motion to remand (Doc. 5). The Court **REMANDS** this case to the Madison County, Illinois Circuit Court. Further, the Court **DENIES** Turner's motion for sanctions (Doc. 13) and **DENIES as moot** ITI Internet Services, Inc.'s motion to dismiss for lack of jurisdiction (Doc. 29).

Further, the Court **ORDERS** Bancorp to pay the "costs and actual expenses, including attorney fees, incurred as a result of the removal," under **28 U.S.C. § 1447(c)**. This award is not, and should not interpreted as, a sanction. Rather, Section 1447(c) is a fee-shifting statute, "entitling the district court to make

---

[2]The Court need not address Turner's argument that the removal was procedurally improper as the Court lacks subject matter jurisdiction over her cause of action.

whole the victorious party." ***Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000)**. The Seventh Circuit has recognized that District Courts remanding cases should award costs and expenses under Section 1447(c) as "normal incidents of remand for lack of jurisdiction." ***Citizens for a Better Environment v. Steel Co.*, 230 F.3d 923, 927 (7th Cir. 2000)**. Stated simply, plaintiffs "are presumptively entitled to recover attorneys' fees incurred in obtaining remand," ***Garbie*, 211 F.3d at 407**, and as such, the Court finds that expenses should be recovered by Rushing.

The Court **ORDERS** Plaintiff's counsel to furnish Defendant's counsel a statement reflecting these costs and expenses on or before **10/6/2005.** Thereafter, Defendant has up to and including **10/20/05** to pay those costs and expenses or to file an objection with this Court should it deem such costs and expenses excessive. If necessary, the Court refers the resolution of all issues regarding the enforcement of this Order to United Magistrate Judge Philip M. Frazier.

**IT IS SO ORDERED.**

Signed this 21st day of September, 2005.

/s/     David RHerndon
**United States District Judge**